## In re SYNDERGAARD'S ESTATE.
## SYNDERGAARD v. MARX et al.

No. 1750.   Decided January 12, 1907 (88 Pac. 616).

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO WIDOW AND MINOR CHILDREN.—Where decedent left real estate valued at $4,000 and exempt personal property, his widow and only minor child were entitled, under the express provisions of Revised Statutes 1898, section 2829, to have a homestead of the value of $2,250 and the exempt personal property set apart to them.

2. SAME.—Revised Statutes 1898, section 2829, providing that homesteads and all exempt property shall be set apart for the surviving wives, husbands, and minor children, is not in conflict with, and was not repealed by, section 3847, as amended by Session Laws 1903, page 51, chapter 57, which deals exclusively with questions of "family support" and the summary administration and settlement of estates not exceeding $1,500 in value.

APPEAL from District Court, Seventh District; Ferdinand Erickson, Judge.

In the matter of the estate of Peter J. Syndergaard. Petition by Annie C. Syndergaard, administratrix, praying that certain property be set apart to her and her minor child. From an order denying the petition, petitioner appeals.

REVERSED AND REMANDED.

*J. W. Cherry* for appellant.

*Jacob Johnson* for respondents.

McCARTY, C. J.

Peter J. Syndergaard died intestate November 13, 1905, in Sanpete county, Utah, leaving surviving him his wife and one minor child, besides other heirs who had attained their majority. The estate of deceased consisted of both real and personal property. Annie C. Syndergaard, widow of deceased, was appointed administratrix by the district court of Sanpete county. On February 28, 1906, she filed her petition in said court praying that the exempt personal property of said estate and a homestead of the value of $2,250 out of the real property of the estate be set apart to her (surviving wife) and the minor child of said deceased. Objections were made and filed by certain of the heirs to the granting of the petition. The matter came on regularly for hearing upon said petition, and the objections made thereto. After hearing the evidence offered, the court made its findings of fact, which, so far as material here, are, in substance, as follows: (1) That the administratrix returned an inventory and appraisement of the property of the estate; that said estate consisted of a farm containing seventy acres, upon which is situated a dwelling house occupied by 'the surviving wife and minor child, and which constituted the home of said deceased in his lifetime; that the said real property is of the value of $4,000. (2) That the personal estate of said deceased consists of various articles of personal property of the total value of $2,503, including certain articles of the value of $788.55, which are exempt from execution. (3) That it appears at this time that said estate is solvent. As conclusions of law the court, in substance, found that the surviving wife and minor child are not entitled to have the homestead and exempt personal property set apart to them, and denied and dismissed the petition. The petitioner has appealed from the order of the court denying and dismissing her petition, and has assigned as errors the

conclusions of law made by the court and the order denying the petition. The appeal is upon the judgment roll, and the only question presented is whether the surviving wife and minor child are entitled to have the exempt personal property and a homestead set apart to them.

The petition was filed and the application made to the court under and in pursuance of section 2829, Revised Statutes 1898, which provides:

"A homestead consisting of lands and appurtenances not exceeding in value the sum of two thousand dollars, and two hundred and fifty dollars additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempt from the payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set aside apart on petition and notice, at any time after the return of the inventory; provided, that the homestead selected shall be subject to any incumbrances given for the purchase price or by the consent of both husband and wife, and the mechanics' liens. This section shall not be construed to prevent the disposition by will of the homestead and exempt personal property."

Section 2831 also provides:

"The value of such part of the homestead and exempt personal property as may be set aside to the surviving wife or husband or minor children shall be deducted from the distributive share provided for such survivors."

We think it is plain that, under the foregoing provisions of the statute, the wife (appellant) and the minor child of deceased were entitled to have set apart to them, as their absolute property, a homestead, as petitioned for, and the exempt personal property of the estate. The statute is mandatory, and was evidently intended to secure and preserve the home for the benefit of the family where they may live and be protected against creditors and heirs. In vol. 1, section 597, Abbott's Probate Law, the author, discussing this question, and in his analysis of this statute, and of similar sttautes of other states, says:

"The object and purpose of the provisions requiring a homestead to be set aside is to preserve the family home for the benefit of the surviving members of the family where they may live and be protected from creditors. . . . The duty of the court to set the homestead aside, if none has been selected before the death of the decedent is imperative and mandatory . . . and the court has no discretion in the matter." (Citing cases.)

Respondents contend that section 2829 is in conflict with certain provisions of section 3847, Revised Statutes 1898, as amended by chapter 57, p. 51, Sess. Laws 1903, and that the latter section, being the last expression of the Legislature, repeals, by implication, the conflicting provisions of the former. This contention is untenable. Section 3847 is a part of chapter 8 (title 74, known as "Probate Code") and deals exclusively with the questions of "family support," and the summary administration and settlement of estates when the value of such estates does not exceed $1,500, whereas section 2829 is a part of chapter 4, tit. 72—legislation confined to "wills," and the law of "succession." And, as we have hereinbefore observed, section 2829 provides for the preservation of the homestead, which, when selected and set apart as therein provided, becomes the absolute property of the family. It will thus be seen that section 3847 pertains to legislation separate and apart from, and independent of, the subject-matter of section 2829, and that the provisions of the former are not intended to control or modify the provisions of the latter. It therefore necessarily follows that section 2829 is in full force and effect.

We are of the opinion, and so hold, that the trial court erred in denying appellant's petition to have a homestead out of the real property of the estate and all exempt personal property belonging thereto set apart to her and the minor child of deceased.

The cause is remanded, with directions to the trial court to set aside its order denying the petition, and to proceed in accordance with the views herein expressed. It is ordered that the costs of this appeal be taxed against respondents.

STRAUP and FRICK, JJ., concur.