In re BEDFORD'S ESTATE.

COMMERCIAL NAT. BANK v. BEDFORD et al.

No. 1881. Decided April 9, 1908 (95 Pac. 518).

1. HOMESTEAD—ALLOWANCE—INCREASE IN VALUE—EFFECT—CONCLUSIVENESS OF ALLOTMENT. Revised Statutes 1898, sec. 2829, provides that a homestead of land and appurtenances not exceeding the sum of $2,000, and $250 additional for each minor child, shall be wholly exempt from the payment of debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, to be set apart on petition and notice at any time after the return of the inventory. *Held* that, where real estate was set apart as a homestead to the surviving wife and a minor child, it became theirs absolutely, subject only to the valid liens or mortgages with which it might be incumbered, and the estate was not subject to be reopened and further administered because at a subsequent time the value of the property set aside exceeded the limit of the statutory homestead exemption.

2. SAME—"ABSOLUTE." The word "absolute," as used in Revised Statutes 1898, sec. 2829, providing for the setting apart of a homestead as the absolute property of the surviving husband or wife and minor children, means complete, final, perfect, unconditional, unrestricted, not relative, not limited, independent of anything extraneous; and in the sense of complete, and not limited, it distinguishes an estate in fee from an estate in remainder, and characterizes a pure estate, unmixed and unconnected with any peculiarities or qualifications; a naked estate, freed from any qualifications and restrictions in the donee.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Petition by the Commercial National Bank against Emelia O. Bedford and others to re-open the probate proceedings in the matter of the estate of C. A. Bedford, deceased. From a judgment for defendants, plaintiff appeals.

AFFIRMED.

*A. R. Heywood* for appellant.

*Valentine Gideon* for respondents.

McCARTY, C. J.

C. A. Bedford died January 9, 1898, leaving a widow and one minor son. At the time of his death Bedford was engaged in the hardware business at Ogden, Utah. The stock of hardware, together with certain real property situated in Weber county, constituted his entire estate. Upon the real estate, which was used by Bedford and his family as a homestead, was a mortgage in favor of the Commercial National Bank of Ogden, appellant herein. The estate was duly probated, and the stock of hardware appraised at $2,530 and the real estate at $1,900. The stock of hardware was subsequently re-appraised and sold for $1,304.45. The money received for the hardware was used in paying off the mortgage referred to, and in paying the expenses of probating the estate. After notice to creditors had been duly given, a large number of claims against the estate were duly presented, approved, and allowed. Among the claims thus presented was one for $500 in favor of the appellant. None of these claims were ever paid. Subsequent to the filing of the inventory and appraisement, the widow, Emelia O. Bedford, filed a petition praying that the real estate be set apart to her and her minor son as a homestead. Notice was duly given and a hearing had upon the petition. The appellant herein appeared by its counsel at said hearing and opposed the granting of the petition. On June 28, 1898, the district court made an order setting apart the real property to Emelia O. Bedford and her minor son, Clayton O. Bedford, as a homestead under

section 2829, Rev. St. 1898. On June 29, 1898, the executors filed their final account in said cause, which, after due notice thereof had been given, was, by the court, allowed and settled; and thereafter, on or about August 3, 1898, the court made and entered an order discharging the executors from further administering upon the estate, thereby bringing said proceedings to a close. No property has since been discovered belonging to the estate other than the stock of hardware and the real estate mentioned; and no appeal has ever been taken from any of the orders made or from the decree of final distribution in said proceedings; nor have any of said orders been vacated, or in any manner modified or disturbed. About the month of May, 1907, the widow, Emelia O. Bedford, sold the land theretofore set apart as a homestead for $4,300. The sale of the minor's interest was authorized by an order of court under guardianship proceedings wherein the said Emelia O. Bedford was named as guardian. On April 10, 1907, appellant filed its petition in the district court of Weber county, asking that the probate proceedings in the matter of the estate of C. A. Bedford, deceased, be reopened on the ground that since the discharge of the executors additional assets belonging to said estate had been discovered, and that the same had come into the hands of the widow, Emelia O. Bedford. To this petition an answer was filed by the widow for herself, and as guardian for the minor child. A hearing was had on the petition and the answer filed thereto, and the court found that no property had been discovered belonging to the estate except what had been administered, and dismissed the petition. From the order and decree dismissing this petition, this appeal is prosecuted.

It is contended on behalf of appellant that the decree of the court setting apart the real property as a homestead for the widow and minor child did not invest them with the title thereto, but limited their interest therein to $2,250, the amount of the exemption provided for in section 2829, Rev. St. 1898, for a surviving widow and one minor child. In other words, it seems to be the theory of counsel for appellant that the decree only gave the widow and minor child the right

to occupy the property as a homestead until such time as its value might be greater than the homestead exemption, and if at any time the value of the homestead should exceed the sum of $2,250 the estate should be reopened and further administered, and the propery sold, and the proceeds in excess of $2,250, or so much thereof as might be necessary, applied to the payment of the claims which had been presented to and approved by the executors and allowed by the court. We think this contention is untenable and entirely without merit. Section 2829, Rev. St. 1898, so far as material here, provides that

"A homestead consisting of land and appurtenances not exceeding the sum of two thousand dollars, and two hundred and fifty dollars additional for each minor child . . . shall be wholly exempt from the payment of the debts of the decedent and shall be the absolute property of the surviving husband or wife and minor children . . . to be set apart on petition and notice at any time after the return of the inventory."

The word "absolute" as here used has a well-defined meaning.

" 'Absolute' means complete, unconditional, not relative, not limited, independent of anything extraneous. In the sense of 'complete, not limited,' distinguishes an estate in fee from an estate in remainder . . . Characterizes a pure estate, unmixed and unconnected with any peculiarities or qualifications; a naked estate, freed from any qualification and restriction, in the donee." (Anderson's Dict. of Law, 8.)

In Rapalje & Lawrence's Law Dictionary, the word is construed to mean: "Complete, final, perfect, unconditional, unrestricted; as an unconditional conveyance; an estate without condition or qualification." For further illustrations, see 1 Words & Phrases, 42-44; Johnson's Adm'r v. Johnson, 32 Ala. 640-642.

It therefore follows that the statute in this case is susceptible of but one construction, namely, that when real property is set apart as a homestead to the surviving wife or husband and minor children, as provided in section 2829, Rev. St. 1898, it becomes theirs absolutely, subject only to the valid liens or mortgages, if any, with which it may be incumbered.

In other words, they are invested with whatever title the deceased had to the property at the time of his death. This court in effect so held in the case of *Syndergaard v. Marx,* 31 Utah 490, 88 Pac. 616.

The judgment is affirmed, with costs.

STRAUP and FRICK, JJ., concur.