JULIA N. P. CHRISTIANSEN, MERCY ETTA CHERRY, EVA CHERRY, STEPHEN J. LIVERMORE and LEROY K. LIVERMORE, Appellants, v. BRIGHAM M. ROBINSON and MATILDA STONE ROBINSON, Respondents.

No. 1956. Decided January 9, 1909 (99 Pac. 458).

HOMESTEAD—ALLOWANCE—TITLE—"BELONG." Under Comp. Laws 1907, sections 2829, 2830, providing that a homestead shall be "the absolute property of" the surviving spouse and minor children, or of the minor children if there is no surviving spouse, and

that the homestead and exempt personalty "shall belong to" the surviving spouse and minor children, or where there are no minor children to the surviving spouse, or where there is no surviving spouse to the minor children, and that if the surviving spouse again marries, or when all the minor children arrive at full age, the homestead may be partitioned, a homestead set apart to the surviving spouse and minor children, or where there are no minor children to the surviving spouse, or where there is no surviving spouse to the minor children, becomes the absolute property of tne person, or persons, to whom it is set apart, and it belongs to him or them, subject to incumbrances, and the other heirs of the intestate, and who had arrived at full age at the time of his death, or at the time of setting the homestead apart, have no interest in the homestead; the word "belong" expressing ownership. (Page 72.)

APPEAL from Second District Court, Weber County. *Hon. J. A. Howell,* Judge.

Action for partition of real property. From a judgment of dismissal on sustaining a demurrer to the complaint, the plaintiffs appealed.

AFFIRMED.

*Joseph Chez* for appellants.

*H. H. Henderson* for respondents.

### APPELLANTS' AUTHORITIES.

The question involved in this controversy requires the interpretation and construction of section 2830 of the Compiled Laws of Utah for 1907.

Section 2829 of our statutes has been construed by our court in the *Estate of Snydergaards,* 88 Pac. 616, and also in the *Estate of Bedford,* 95 Pac. 518, but said section (2829), was construed in its entirety as separate and apart and independent from section 2830. The homestead is "created by law," subject to "every limitation prescribed by the civil code." (*Re Stills Estate,* 49 Pac. 463, 465.) When

section 2829 is construed, section 2830 must also be taken into consideration.

The limitations and restrictions which are material in this case, and for which we contend are: (a) "When all of the children have become of age," and (b) "when the surviving spouse remarries." Either of said limitations can dissolve a homestead so that the homestead created by law may be partitioned by the children, when all have attained their legal age; or when the surviving spouse remarries. (*Estate of Hamilton*, 6 Pac. 493; *Estate of Boland*, 43 Cal. 640.) We confidently cite the case of *Trumbly v. Martell*, 60 Pac. 741-742, upon which we strongly rely, as being in point, and should control, we believe, the case at bar. See also *Mitchell v. Mitchell*, 77 Pac. 98.; *Brady v. Banta*, 26 Pac. 441.

Other States have limitations on their homestead enactments somewhat similar to ours. (*Anderson v. Colburn*, 27 Wis. 558; *Birmingham v. Birmingham*, 53 Miss. 610; *Carpenter v. Brownlee*, 38 Miss. 200; *Akin v. Gieger*, 52 Ga. 407.)

STRAUP, C. J.

This action was brought for a partition of real property situate in Weber county. It is alleged in the complaint, and shown by exhibits thereto attached and made a part thereof, that Mary E. Robinson, deceased, at the time of her death was the owner of the property; that she left surviving her the defendant Brigham M. Robinson, her husband, and the plaintiffs, five in number, her children by a former husband; that all the plaintiffs were then of legal age, and that the deceased left no minor children; that she and her husband resided on the property as their homestead; that the defendant Robinson was appointed administrator of her estate, and that proceedings were had in probate, whereby the property was set apart to the defendant Robinson as a homestead in pursuance of the homestead statute, the property having been appraised and found to be of a

value less than in such case made and provided; and that within a few weeks after the property was so set apart to him the defendant Brigham M. Robinson married the defendant Matilda Stone Robinson. The defendants' demurrer to the complaint was sustained, and plaintiffs' action dismissed. The plaintiffs appeal.

The ruling requires a consideration of sections 2829 and 2830, Comp. Laws 1907, which are as follows:

"Sec. 2829. A homestead consisting of lands and appurtenances not exceeding in value the sum of $2,000, and $250 additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempt from the payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set apart on petition and notice, at any time after the return of the inventory.

Sec. 2830. The homestead and exempt personal property shall belong to the surviving husband or wife and minor children; or, if there be no minor children, to the surviving husband or wife; or, if there be no surviving husband or wife, to the minor children. If the surviving husband or wife again marries, or when all of said minor children arrive at the age of majority, the homestead may be partitioned, one half to the surviving husband or wife and the other half to the said children. The interest of the surviving husband or wife or of any child in the homestead may be disposed of by will, or shall pass by succession in the proportions aforesaid as other real property, but partition shall not be made except at such times as in this section provided."

By reason of these provisions the appellants contend that on the remarriage of the defendant Brigham M. Robinson they were entitled to a partition of the property, one half to him, and the other half to them in equal proportions. The contention involves the question whether the heirs of an intestate, and who were of legal age at the time of his death (or at the time when the homestead is set apart, a question which we need not now determine), have any interest in and to a homestead which has been set apart in probate to the surviving spouse or minor children, or to both. The appellants urge that they have an interest in the

property, and that they are entitled to a partition of it when (1) the surviving spouse remarries; or (2) when the minor children arrive at the age of majority. The two sections of the statute must of course be read and construed together. In the first section it is provided that the homestead "shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife." In *Re Bedford's Estate*, 34 Utah 24, 95 Pac. 518, we had occasion to construe this section and we there held that the persons (a widow and a minor child) to whom the homestead had been set apart in probate became invested "with whatever title the deceased had to the property at the time of his death," and that the setting apart of the homestead in effect gave them an estate therein in fee. It, however, is urged that the giving of such a construction to section 2829 renders it in conflict with section 2830. We think not. The first part of section 2830 rather enforces the construction given section 2829. It is there also provided that "the homestead and exempt personal property shall belong to the surviving husband or wife and minor children; or if there be no minor children to the surviving husband or wife; or if there be no surviving husband or wife to the minor children." It is evident that the primary meaning of the word "belong," and as it is there used, is, to be the property of the persons there mentioned. (5 Cyc. 681.) The word is aptly used to express ownership. (*State v. Fox*, 80 Iowa 312, 45 N. W. 874, 20 Am. St. Rep. 425.) The remaining portion of the section providing for a partition "if the surviving husband or wife again marries, or when all of said minor children arrive at the age of majority," refers only to a partition of the homestead in such case where it was set apart to a surviving spouse and a minor child or children, or where set apart to minor children. The provision for a partition refers only to those to whom the property was set apart, and to whom it belongs. If there be no surviving spouse, and the homestead is set apart to minor children, then it may be par-

titioned among them (not other heirs) when all of the minor children arrive at the age of majority. If there be a surviving spouse and minor child or children, and the homestead is set apart to them, it again may be partitioned between or among them (not other heirs) when the surviving spouse "again marries," or when all of the minor children arrive at the age of majority. That other heirs are not in such case to share in the property, and are not entitled to a partition, is clearly indicated by the language employed in the statute that "the homestead may be partitioned one-half to the surviving husband or wife, and the other half to the said children," the minor children. When there is no surviving spouse, and only one minor child, and a homestead is set apart to it, the realty becomes its "absolute property," and "belongs" to that child. When there is no minor child, and the homestead is set apart to the surviving spouse, the realty also becomes his or her absolute property, and belongs to him or her. In neither of such instances can the question of partition arise, for there is no one, other than the person to whom the homestead was set apart, who has any interest in or to the property.

In answer to the question propounded we, therefore, say that when a homestead has been set apart to a surviving spouse and minor children, or if there be no minor children, to the surviving spouse, or, if there be no surviving spouse, to the minor children, the homestead becomes the absolute property of the persons to whom it was set apart, and that it belongs to them (subject, of course, to any incumbrance given for the purchase price and other valid liens, as provided by the statute and the Constitution, a matter not here involved), and that in such case the other heirs of the intestate, and who had arrived at the age of majority at the time of his death (or at the time of setting the homestead apart), have no interest in or to a homestead so set apart.

The cases to which appellants have referred us are not in point, for the ruling in all of them was made upon a

statute essentially different from ours. It is especially urged, however, that the cases from the Kansas courts are pertinent because of the similarity of the statute of that State and the statute of this State. But on examination of the Kansas statute it will be observed that the *widow and the children of the intestate* (not the minor children, as provided in the Utah statute) are entitled to the homestead. There the widow alone is entitled to the homestead when the intestate *left no children;* here the surviving spouse is entitled to it, when the intestate *left no minor children.* We are not aware that the term "children" in the Kansas statute has been construed by the Kansas courts to mean minor children and for that reason it should be said that the statutes are alike. In the decisions to which we have been referred the Kansas statute is not given such a construction. But when it is provided by a statute, as is provided by our statute, that the surviving spouse is entitled to the homestead when the intestate left no minor children, we think it must be held that all other children are necessarily excluded, and when there are no minor children, the homestead becomes the absolute property of the surviving spouse.

We think the ruling sustaining the demurrer was in accordance with the statute. The judgment of the court below is therefore affirmed, with costs.

FRICK and McCARTY, JJ., concur.