In re GREEN'S ESTATE.
GREEN v. PARKER, Atty. Gen.
No. 5008. Decided July 31, 1931. (1 Pac. [2d] 968.)

*L. A. Miner,* Dep. Atty. Gen., for appellant.

*Geo. G. Armstrong,* of Salt Lake City, for respondent.

HARRIS, District Judge.

This is an appeal from an order of the district court of Salt Lake county fixing and determining the amount of inheritance tax due in the matter of the estate of Herman H. Green, deceased. The district court in fixing the amount of the tax excluded the sum of $3,900 paid by the administratrix, pursuant to the order of the district court, to the widow and minor child as a family allowance. It is conceded that if this item should have been included as an asset of the estate subject to the inheritance tax the amount of the tax fixed should have been increased $117.

Our statute creating the amount of the inheritance tax is Comp. Laws Utah 1917, § 3185, as amended by chapter 64, Laws of Utah 1919, and provides in substance:

"All property within the jurisdiction of this State, * * * which shall pass by will or by the statutes of inheritance * * *, shall be subject to the following tax * * *; and all administrators, executors, and trustees * * * shall be respectively, liable for all such taxes to be paid by them respectively. * * * The tax aforesaid shall be and remain a lien on such estate from the death of the decedent until paid. In determining the amount of tax to be paid under the provisions of this Section, the debts of the estate shall first be deducted, and the remainder shall be the net estate. * * *"

Comp. Laws Utah 1917, § 3186, as amended by chapter 64, Laws of Utah 1919, provides:

"The term 'debts,' as used in this chapter, shall include, in addition to debts owing by decedent at the time of his death, the local or State taxes due from the estate prior to his death, a reasonable sum for funeral expenses, including tombstone expenses not to exceed $200.00, when the same has been erected prior to the settlement of the estate, the court costs, the statutory fees of executors, administrators, or trustees, computed according to the provisions of the laws of Utah, and no other sum. * * *"

The family allowance statute is Comp. Laws Utah 1917, § 7643, and reads as follows:

"When a person dies leaving a surviving wife, husband, or minor children, they shall be entitled to remain in possession of the homestead and to the use of the property exempt from execution until otherwise directed by the court; and during administration shall receive such allowance out of the estate as the court may deem necessary and reasonable for their support. Such allowance may date from the death of the decedent, but in case of insolvent estates shall not continue for longer than one year, and must be paid in preference to all other charges except expenses of last sickness and funeral expenses of the decedent, and costs and charges of administration. The court may, in its discretion, exclude from such family allowance, except homestead rights, any person who may have a separate property or income."

Appellant argues that the money paid for family allowance was a part of the estate of the deceased, that it is not exempt or a debt as specified in section 3186, supra, and therefore this part of the estate is subject to the tax. The respondent concedes that this is not an ex-

emption or debt under the statute, but contends that the family allowance paid from the estate does not pass to the widow and minor child by the statutes of inheritance, but by operation of law independent of the inheritance statutes.

This presents the single question to be decided in this case. This court has for some years been committed to the doctrine that the inheritance tax statute does not apply to the property taken by the widow under the law awarding her one-third of the real estate left by her deceased husband. This result was reached upon the theory that such property does not pass to the widow by will or statutes of inheritance, but by operation of law as property belonging to her in her own right. *In re Bullen's Estate*, 47 Utah 96, 151 P. 533, L. R. A. 1916C, 670. The Bullen Case refers to the division of the authorities on the question, and adopted what appears to be clearly the majority rule.

Does the principle adopted in the Bullen Case apply to the family allowance statute? The statute referred to in the Bullen Case allowing the widow one-third of the real property is Comp. Laws Utah 1907, § 6406 (Comp. Laws Utah 1907, § 2826) and is a part of the chapter on wills and succession in the Utah Statutes while the family allowance statute (section 7643) is a separate chapter of the title "Probate Code" and not a part of the title of "Wills and Succession." While this may not be controlling, it should indicate that this is even a stronger case than the Bullen Case against the conclusion that the family allowance statute is an inheritance statute.

This court in the case of *In re Syndergaard's Estate*, 31 Utah, 490, 88 P. 616, held there was no conflict between the family allowance statute above and the homestead exemption statute (now Comp. Laws Utah 1917, § 6409), the court pointing out that the subject-matter of the two provisions was independent, and one not controlling of the other.

The courts seem to be agreed that these inheritance taxes are not property taxes, but taxes upon the right to inherit, and that taxes of this kind are strictly construed against the

taxing powers. *Dixon* v. *Ricketts,* 26 Utah 215, 72 P. 947; *In re Bullen's Estate,* supra; *In re Kennedy's Estate,* 157 Cal. 517, 108 P. 280, 281, 29 L. R. A. (N. S.) 428. The latter is a well-considered case reviewing the authorities and giving reasons why the widow's allowance statute is not a statute of inheritance.

One of the reasons given for the result reached in the Bullen Case was that the widow could not be deprived of her statutory one-third by the will of the husband. Likewise, in the case of family allowance, if the husband should attempt to will all of his property away from his widow, where his estate consisted entirely of personal property, he could not defeat her right to the statutory family allowance which must be paid "in preference to all other charges except last illness, sickness and funeral expenses, * * * and costs and charges of administration." *In re Kennedy's Estate,* supra.

Of course, if the widow or minor children have separate income, and the court determines they are not entitled to the benefit of the family allowance statute, then nothing passes to them by virtue of such statute, and the entire estate of the deceased may be subject to the inheritance tax, but this does not appeal to us as any reason for determining that the family allowance statute is an inheritance statute, as contended by appellant.

The courts now seem to be almost unanimously agreed that moneys paid out of an estate for family allowance does not pass by inheritance laws, but are charges against the estate created by special statute in the interest of public policy. *In re Blackburn's Estate,* 51 Mont. 234, 152 P. 31; *State* v. *Probate Court,* 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436; *Smith* v. *State,* 161 Wis. 588, 155 N. W. 109; *Crenshaw* v. *Moore,* 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165; *In re Steehler's Estate,* 195 Cal. 386, 233 P. 972; *Fullbright* v. *Boardman,* 159 Ga. 162, 125 S. E. 44, 37 A. L. R. 532, and note page 541.

The only case reaching a different conclusion except those cited in the Bullen Case, that the writer has been able to discover, is the case of Corporation Commission v. Dunn, 174 N. C. 679, 94 S. E. 481, L. R. A. 1918F, 498, Ann. Cas. 1918D, 1086, where a majority of the court determined that, in view of the peculiar history of the statute in that state, the family allowance statute was a statute of inheritance. We have no similar historical background in this state to induce us to follow that ruling.

The appellant urges that the court erred in permitting a deduction of $100 per month for family allowance for 27 months after the time the inheritance tax became due, and in allowing such deduction up to the time of the order fixing the amount of inheritance tax. This complaint ■ really goes to the amount of the family allowance, and no appeal is taken from the order fixing the amount of such family allowance. Since we have determined that the amount allowed is not a part of the assets of the estate passing by laws of inheritance, no part of such amount is subject to the inheritance tax, and we cannot, on this appeal, determine the propriety of the amount allowed in this case. There is no provision in the statute limiting the family allowance to one year when the estate is solvent, or providing that it may not continue after the inheritance tax becomes due.

By what is said herein, it is not intended to determine that in every estate where there is a widow or minor children an amount must be deducted as a family allowance before the amount of the inheritance tax can be fixed. For example, if there is an income from the property of the estate, and the order for family allowance provides that the family allowance is payable from such income, then the corpus of the estate will be left intact for inheritance tax purposes, but all that is held is that, where money is paid from the corpus of the estate pursuant to an order of family allowance, such money so paid does not pass by the statutes of inheritance, and is not subject to the statutory inheritance tax.

We find no error in the record. The judgment is affirmed.

ELIAS HANSEN and EPHRAIM HANSON, JJ., concur.

FOLLAND, J., being disqualified, did not participate herein.

STRAUP, J.

I concur in the affirmance of the judgment and in all that is said and decided with respect thereto. As to the dicta expressed in the latter portion of the opinion, I withhold my views.

CHERRY, C. J., dissents.