I dissent. The primary question for solution in this case is whether a family allowance made by order of court under the authority of section 10146, Revised Codes of 1921, is an item not subject to inheritance tax, and therefore, in addition to the statutory exemption allowed a widow and the other items, deductible from the gross value of an estate. This question involves the construction of certain statutory provisions.
Our last Inheritance Tax Law is Chapter 65, Laws 1923, to which a few amendments since made are in nowise controlling here. Section 1 of the Act provides that a tax "shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation [except the state, agencies of the state, and charitable, religious and educational corporations] * * * when the transfer is by will or by intestate laws of this state from any person dying possessed of the property," etc.
Subdivision (2) of section 4 provides that property of the clear value of $17,500 transferred to the wife shall be exempt *Page 200 
and that "such exemption to the widow shall include all her statutory dower and other allowances." Section 22 declares: "The words `estate' and `property' as used in this Act shall be taken to mean the real and personal property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, or vendees, and not as the property or interest therein of the decedent, grantor, donor, or vendor, and shall include all personal property within or without the state. The word `transfer' as used in this Act shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift, or appointment in the manner herein prescribed to each individual or corporation."
Our first Inheritance Tax Law, enacted in 1897, was carried forward into the Revised Codes of 1907 as sections 7724-7751, inclusive. Though the first Inheritance Tax Law contained no specific exemption to the widow, it provided that estates of a certain amount — where the property passed to certain near relatives, the widow being included in the class — were subject to no tax. In 1921 the legislature enacted a new Inheritance Tax Law containing provisions identical with those quoted from section 1 and section 22, supra. It gave the widow certain exemptions. It provided that she should have an exemption of $10,000, and that such exemption included "her dower and homestead rights." (Sec. 10380, Rev. Codes 1921.) Section 10400 of the 1921 Codes repealed the existing Inheritance Tax Law, except as to proceedings then pending under the old Act. Then section 26 of Chapter 65, Laws 1923, with a saving clause similar to the one contained in the 1921 Act, repealed the entire Inheritance Tax Law of 1921.
The title to Chapter 65 of the Laws of 1923 reads as follows: "An Act to Establish a Tax on Direct and Collateral Inheritances, Bequests and Devises; To Provide for its Assessment and Collection; Directing the Dispositions of the Proceeds Thereof; And to Repeal, Subject to Certain Reservations, Sections *Page 201 
10377 to 10400, Both Inclusive, of the Revised Codes of Montana of 1921, And All Other Acts and Parts of Acts in Conflict with this Act."
In construing a statute, a court must consider every word, phrase, clause or sentence employed, and hold none meaningless, if it is possible to give it an effect. (State ex rel. Nagle v.Sullivan, 98 Mont. 425, 40 P.2d 995, 99 A.L.R. 321;Campbell v. City of Helena, 92 Mont. 366, 16 P.2d 1.) A court must ascertain and follow the legislative intention, if it is possible to do so, gathering that intention, first, if possible, from the plain meaning of the words employed. (Stateex rel. Nagle v. Sullivan, supra; Clark v. Olson, 96 Mont. 417,31 P.2d 283; Mills v. State Board of Equalization,97 Mont. 13, 33 P.2d 563.) The title of an Act is indicative of legislative intent. (State v. Bradshaw Land LivestockCo., 99 Mont. 95 43 P.2d 674; Dubie v. Batani, 97 Mont. 468,37 P.2d 662; Nangle v. Northern Pacific Ry. Co.,96 Mont. 512, 32 P.2d 11.)
I concede the correctness of the rule that where one statute deals with a subject in a general and comprehensive manner and another deals with a part of the same subject in a more minute and definite way, the two should be read together and, if possible, harmonized, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnance between them, the special will prevail over the general. (Durland v. Prickett, 98 Mont. 399,39 P.2d 652; Langston v. Currie, 95 Mont. 57, 26 P.2d 160.) When the legislature adopts its own definitions of words in an Act, it is the duty of courts in construing that statute to follow those legislative definitions even though they are contrary to the usual and ordinary meaning of the words. (Montana BeerRetailers' Pro. Assn. v. State Board of Equalization, 95 Mont. 30,25 P.2d 128.) When a taxing statute is susceptible of two constructions and the legislative intent is in doubt, it should be resolved in favor of the taxpayer. (Mills v. StateBoard of Equalization, supra; Vennekolt v. Lutey, 96 Mont. 72,28 P.2d 452; *Page 202 Shubat v. Glacier County, 93 Mont. 160, 18 P.2d 614;State ex rel. Whitlock v. State Board of Equalization,100 Mont. 72, 45 P.2d 684.) A contrary rule, however, applies to exemptions. (Whitlock Case, just cited.)
Our first Inheritance Tax Law levied a tax on the transfer of property passed by will or by the state intestate laws, and under that statute this court held that a family allowance was not subject to an inheritance tax. (In re Blackburn's Estate,51 Mont. 234, 152 P. 31.) The decision harmonized with decisions in other jurisdictions where a tax is levied on a transfer by will or intestate laws, and where the court in certain instances awards a family allowance. (In re Kennedy's Estate, 157 Cal. 517,108 P. 280, 29 L.R.A. (n.s.) 428; State ex rel. Pettit
v. Probate Court, 137 Minn. 238, 163 N.W. 285, L.R.A. 1917F, 436; In re Page's Estate, 79 N.Y. Supp. 382; Crenshaw v.Moore, 124 Tenn. 528, 137 S.W. 924, Ann. Cas. 1913A, 165, 34 L.R.A. (n.s.) 1161; In re Smith's Estate, 161 Wis. 588,155 N.W. 109; In re Estate of Steehler, 195 Cal. 386, 233 P. 972,976; In re Green's Estate, 78 Utah, 139, 1 P.2d 968.) Under the statutes of Illinois and North Carolina, a widow's allowances, to which she is entitled as a matter of right, are held to be a transfer under the inheritance laws of the state. (Billings v. People, 189 Ill. 472, 59 N.E. 798, 59 L.R.A. 807; People v. Forsyth, 273 Ill. 141, 112 N.E. 378;Corporation Commission v. Dunn, 174 N.C. 679, 94 S.E. 481, Ann. Cas. 1918D, 1086, L.R.A. 1918F, 498.) It will be noted, however, that under our section 10146, supra, a family allowance may be made only when the amount of the property set apart under the provisions of section 10145 is insufficient for the support of the widow and children, and even then the allowance must be only for an amount necessary to maintain the family according to its circumstances.
In the title of Chapter 65, supra, the legislature did not declare that it was amending the existing law; on the contrary, it expressed its intention to establish a tax on inheritances, bequests and devises, and to repeal all existing laws applicable to *Page 203 
future estates. True, many of the provisions of the 1921 Act are found within the context of the 1923 Act, but the 1923 Act was not, so far as the purposes of construction are concerned, an amendment to the 1921 Act. The 1923 Act is a single legislative utterance. Its provisions must be construed together in order, if possible, to harmonize their various ambiguities and apparent repugnancies. Each section is the part of an entire Act. Here we do not deal with the construction of the exemption clause alone. We consider the question whether the statute in fact imposes a tax upon family allowances, and whether the general rule applies, viz., that where an Act is susceptible of two constructions, the one in favor of the taxpayer is to be adopted. (In re Estate ofSteehler, supra.)
As I have already pointed out, the 1921 Act provided that the widow's exemption included dower and homestead rights. In lieu of the language embodying that provision, the legislature framed the 1923 law to include all her statutory dower and other allowances. It is said that unless we include family allowances within the meaning of the phrase "other allowances," we disregard the legislative purpose in changing the language from what it was in the 1921 Act. Under the provisions of section 10145, and after the return of the inventory, the court or judge may on his own motion, or on petition therefor, set apart for the use of the surviving wife all the property exempt from execution, including the homestead selected, designated, and recorded; and the court or judge must, if no homestead has been selected and recorded, select and set apart a homestead for the use of the surviving wife and the minor children.
If we consider the words "all her statutory" as modifying "allowances" as well as "dower," then by the change made in the 1923 law the exempt property which must be set apart by the court under the provisions of section 10145 is, without question, included within the inheritance tax exemption. The surviving wife is entitled as a matter of right to have not only the exempt property set apart, but also the homestead, if one has been selected. If none was selected in the lifetime of the deceased, *Page 204 
the selection is to be made by the court. The surviving widow is as much entitled to have these various classes of property set apart to her by the probate court as she is to receive her distributive share of the estate property by the terms of the will or under the laws of succession.
An "allowance" is "a share or portion allotted or granted" (Webster's Dictionary), and is, as here applied, that portion of the estate which is granted or allotted to the family. When the word "allowance" is modified by the word "statutory" it refers to an allotment or grant made by the statute.
Section 10146 does not grant a family allowance to the surviving widow and the minor children as a matter of right. It authorizes the court to determine whether an allowance is necessary, and, if so, to grant an allowance sufficient to maintain the family according to its circumstances. Under the statute, discretion is vested in the court to determine two questions, namely, Is an allowance necessary? And, if an allowance is necessary, what is a reasonable allowance? The statute does not grant the wife the right to an allowance, but only vests power in the court to make an allowance on a showing sufficient to invoke judicial discretion.
In addition to what has already been said, the reasoning of the California court in the case of In re Estate of Steehler, supra, is, I think, most convincing. Speaking of the family allowance, the court there said: "It is in the nature of a continuance of that contribution to the daily or regular maintenance of the household and its occupants which the decedent himself was accustomed to provide, and would have continued to supply but for his death, and which, if so supplied, would to that extent have diminished the substance of his assets subject to this form of taxation. When allowed by the court in such reasonable amount, and under such circumstances as are prescribed by the statute, it would in the nature of things be disbursed and dissipated in providing for the family necessities pending the settlement of the estate. There is every reason, therefore, why this perishable part of decedent's estate ought not to be diminished *Page 205 
by the imposition of an inheritance tax in the absence of a clear intent on the part of the legislature to so prescribe."
I see in the language of the statute no clear legislative intention either to levy a tax on the family allowance, or to have it included within the exemption granted to a surviving widow. The judgment should be affirmed.