(Surrogate's Court, Clinton County. November, 1902.)

1. TRANSFER TAX—PROPERTY SUBJECT—EXEMPTIONS TO WIDOW.
Under Code Civ. Proc. § 2713, providing that where decedent, having a family, dies, leaving a widow and no minor child, the articles enumerated in said section as exemptions for the widow shall not be deemed assets, but shall belong to her, they are not subject to the transfer tax, whether they have been actually set apart or not, and whether decedent dies testate or not.

In the matter of the appraisal of the estate of John Page for trans-

fer tax. From an order of the surrogate court confirming the report, the administrators appeal. Reversed.

Everest & Signor, for administrators.
Potter, Kellogg & King, for comptroller.

BOOTH, S. John Page died intestate at Champlain, N. Y., September 6, 1896, leaving surving his widow and five children, all of age, to whom his property passes. His sons John H. Page and Philip J. Page were appointed administrators. No inventory of the estate was made. The exemptions for the widow specified in section 2713 of the Code were not set apart to her. The appraisal by the county treasurer fixes the net value of the personal estate of decedent, after deducting debts, funeral expenses, and expenses of administration, at $10,199.51. Included in this sum was the household furniture of decedent, which was valued at $100. The administrators claim that there should be deducted from this sum of $10,199.51 the items of $100 household furniture and $150 in cash, the same being the widow's exemptions under section 2713 of the Code, and that these two items should not be included in estimating the value of the property of decedent subject to transfer tax. If this contention is correct, the property of decedent "passing or transferred" is only $9,949.51, and therefore not subject to tax. I am referred to no decision in which this point is directly passed upon by the courts, but am of the opinion that the property specified in section 2713 of the Code·should not be included in estimating the value of the estate subject to tax. If the estate is taxable, it is so under subdivision 1 of section 220 of the tax law (Laws 1896, c. 908). This provides that, "when the transfer is by will or by the intestate laws of this state," there shall be a tax, etc. The property did not pass by will. It remains to consider whether it did pass by the intestate laws of the state. The term "intestate laws" is intended to cover the statute of descents, which relates to the descent of real estate, and the statute of distributions, which provides for the distribution of the surplus of the personal property of decedent after the payment of his debts and legacies if he left a will, and after the setting apart to the widow and minor children of the exemptions specified in section 2713. These exempt articles ·are in no way governed by the statute of distributions. Without tracing the origin and history of these exemptions, it is sufficient to say that the household furniture and the $150 are statutory exemptions set apart to the widow and minor children, and "shall not be deemed assets." They pass to the widow regardless of the fact whether decedent was testate or intestate. If testate, he cannot, by will, defeat this provision which the law makes for the benefit of his family. If intestate, his administrator has no power or authority over this property, except to inventory and set it apart to the widow and minor children. Where, as here, there is no minor child, the widow takes title to it absolutely by the express terms of the statute. If this property is to be included in estimating the value of the estate subject to tax, then the property itself and the widow who receives it are both subject to the provisions of sections 222 and 224 of the tax law relating to the enforcement and collection

of the tax. Section 222 provides that the "tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is so transferred  *  *  *  shall be personally liable for such tax until its payment." Section 224 provides that:

"Every executor, administrator or trustee, shall have full power to sell so much of the property of the decedents as will enable him to pay such tax. That any such administrator, executor or trustee having in charge any legacy or property for distribution subject to such tax shall deduct the tax therefrom.  *  *  *  That if the property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto. That he shall not be compelled to deliver any  *  *  *  property subject to tax to any person until he shall have collected the tax thereon."

It is at once apparent that the power thus conferred upon the executor or administrator is directly contrary to the intent and spirit of the statute exempting this property. The property is intended for the sole benefit of the widow and minor children, and the executor or administrator has no power to withhold any part of it as provided in the tax law. He must turn it over to the widow intact. Crawford v. Nassoy, 55 App. Div. 433, 67 N. Y. Supp. 108; In re Williams, 31 App. Div. 617, 52 N. Y. Supp. 700. If the property is taxable, then the legislature has imposed a tax which cannot be collected. An interpretation of the law which leads to such an irreconcilable state of things seems to us unreasonable, and contrary to the whole intent and spirit of the law which sets apart these exemptions for the widow. The fact that no inventory was made, and that the furniture and cash have not been set apart to the widow, does not alter the situation, as the property is hers absolutely, and the administrators can be compelled to turn it or its equivalent over to her at any time.

As to the items of interest on the two certificates of deposit in the Champlain Bank, the evidence discloses that the certificates drew interest at 4 per cent. if they were allowed to run six months. If the administrators had not collected interest, they could very easily have proven that fact. They did not do this, and it is fair to presume that they collected the interest. I am therefore of the opinion that these two items of $1.88 and $55.74 are properly included in the appraisal, but, deducting the widow's exemptions of $100 household furniture and $150 in cash, leaves the value of the estate passing to the widow and children under the intestate laws of the state less than $10,000, and therefore not subject to tax. The report of the county treasurer and the order of the surrogate are therefore reversed.

Report of county treasurer and order of surrogate reversed.