THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
W. HOLMES FORSYTH *et al.* Exrs., Appellants.

*Opinion filed April 20, 1916.*

INHERITANCE TAX—*widow's award is subject to inheritance tax.*
The inheritance tax is imposed by law upon all transfers of prop-
erty by will or by the intestate laws of this State, and there is no
distinction, so far as the inheritance tax is concerned, between the
widow's dower and her award, and either is subject to the inher-
itance tax. (*Billings* v. *People,* 189 Ill. 472, adhered to.)

APPEAL from the County Court of Cook county; the
Hon. THOMAS F. SCULLY, Judge, presiding.

HOLT, CUTTING & SIDLEY, for appellants.

P. J. LUCEY, Attorney General, THOMAS J. YOUNG, and
JOHN J. POULTON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal presents the question whether a widow's
award is subject to the inheritance tax. Henry H. For-
syth died leaving a will, whereby his estate, amounting to
$432,239.57, passed to his widow. Her widow's award,
under the statute, was fixed at $15,000. The county court
of Cook county assessed upon it an inheritance tax at the
rate of two per cent, and the executors have appealed.

The inheritance tax is imposed by law upon all trans-
fers of property by will or by the intestate laws of this
State. In *Billings* v. *People,* 189 Ill. 472, it was said that
the intestate laws are those laws of the State which govern
the devolution of estates of persons dying intestate and in-
clude all applicable rules of the common law in force in
this State; and in *People* v. *Richardson,* 269 Ill. 275, that
they include, also, all statutes applicable to such estates. In
the former case it was held that a widow's dower was sub-
ject to the inheritance tax though her husband left a will
disposing of all his estate, which she renounced. In the

same case the imposition of the tax upon the widow's award was affirmed though the question in regard to the award was not discussed in the opinion, which said in regard to it only: "The widow's award is provided for by the act in regard to the administration of estates." There is no distinction, however, so far as this question is concerned, between the widow's dower and her award, except that dower existed at common law and the award is statutory. It was contended that dower did not pass by the intestate laws of the State or by the will but that the widow took in her own right, at common law, as widow, but the court affirmed the judgment imposing the tax on both the dower and award.

The relation of the two interests,—the dower and the award,—to the inheritance tax is practically identical. Each depends upon marriage and the death of the husband. Each is an absolute right, of which the husband cannot deprive his wife though the legislature may take it away. Each is adverse to the rights of heirs, devisees, legatees and creditors and an incumbrance on their interests. There are certain differences that do not affect the question, as the necessity of residence of the widow in the State to entitle her to the award, but there is no essential difference affecting the question under consideration. The Supreme Courts of California and Tennessee have reached a different conclusion, and hold that an award made to a widow under somewhat similar statutes of those States is not subject to the inheritance tax. (*In re Kennedy's Estate,* 157 Cal. 516; *Crenshaw* v. *Moore,* 34 L. R. A. [N. S.] 1161.) These courts recognize no distinction between a widow's dower and her award, so far as the liability to the inheritance tax is concerned. The Tennessee case cites *Billings* v. *People, supra,* and while it states that the statutes of the two States are essentially different, recognizes the conflict in the two decisions and refuses to follow the *Billings case* but holds both the dower and the award not liable to the inheritance tax. The California case also puts the

widow's award and a homestead of $14,000 set off to the widow in the same class and holds them not subject to the tax. The appellate division of the Supreme Court in New York has also held that certain enumerated articles which the statute declares shall not be deemed assets but shall belong to the widow, where there are no minor children, are not subject to the inheritance tax. *In re Page,* 79 N. Y. Supp. 382.

The case of *Billings* v. *People, supra,* was decided fifteen years ago, and we are not disposed to overrule it and follow the contrary decisions of other States which have been cited. The judgment of the county court is in accordance with that decision, and it is affirmed.

*Judgment affirmed.*