STATE EX REL. DEBORAH M. PETTIT v. PROBATE COURT
OF COUNTY OF HENNEPIN AND ANOTHER.[1]

June 15, 1917.

Nos. 20,429—(27).

**Inheritance tax — widow's allowance exempt.**

    1. Neither upon the allowance made for the support of the widow and her family out of her deceased husband's estate, pending the administration thereof, nor upon the personal property which she, as widow, is entitled by law to select out of the estate, may the state inheritance tax be imposed.

**Same — widow's statutory third not exempt.**

    2. The widow of a testate, who renounces the will and elects to take her statutory one-third, must pay the tax upon the third so given, less the exemption specified in the law.

Upon the relation of Deborah M. Pettit the supreme court granted its writ of *certiorari* directed to the probate court of that county and the Honorable John A. Dahl, judge thereof, to review the proceedings of that court in the matter of the inheritance tax imposed upon relator by reason of the widow's allowance granted her during the settlement of her husband's estate. Remanded with directions.

*James E. O'Brien,* for relator.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondents.

HOLT, J.

This is a proceeding to review an order of the probate court, wherein an inheritance tax was imposed upon the allowance made to the widow of a deceased during the administration, upon the personal property and effects set apart to her as surviving spouse, and also upon the one-third she took under the law, she having renounced the provisions made for her in her husband's will.

[1] Reported in 163 N. W. 285.

As to the first two items we are of the opinion that no intention to impose a tax thereon is manifest in the statute. The law provides for support of the widow and family of a decedent pending the administration. This, as well as expenses of administration, taxes, funeral expenses and debts, legitimately consumes part of the estate, and only what remains is distributed under the will or intestate statutes. The same with respect to the personal property which the widow is permitted to select out of her husband's estate. The inheritance tax is a tax upon the privilege of succession or inheritance and not upon the estate. By express provision of the statute that part only of a decedent's estate is for distribution which remains after his widow has selected $500 in value of the household goods and his wearing apparel, together with $500 in value from his other personal property, after she has received the allowance for herself and family during the administration, and after the expenses of administration, funeral expenses and debts of deceased have been paid. G. S. 1913, § 7243. In respect to the personal property which the widow is entitled to select, G. S. 1913, §§ 7307 and 7308 provide that it shall be assigned to her and shall not be treated as assets in the hands of the executor or administrator. It is no part of the residue to be distributed. Stromberg v. Stromberg, 119 Minn. 325, 138 N. W. 428. No court, so far as we are aware, save the supreme court of Illinois (People v. Forsyth, 273 Ill. 141, 112 N. E. 378), has held the allowance to the widow and family of the deceased pending administration, or the articles she is entitled to select out of the estate, subject to an inheritance tax. To the contrary see: Page's Estate, 39 Misc. 220, 79 N. Y. Supp. 382; Kennedy's Estate, 157 Cal. 517, 108 Pac. 280, 29 L.R.A.(N.S.) 428; Smith's Estate, 161 Wis. 588, 155 N. W. 109; Crenshaw v. Moore, 124 Tenn. 528, 137 S. W. 924, 34 L.R.A.(N.S.) 1161, Ann. Cas. 1913A, 165; Blackburn's Estate, 51 Mont. 234, 152 Pac. 31.

Is the one-third given the surviving spouse by statute subject to the inheritance tax? Counsel concedes the right of the state to impose such tax thereon, but contends the present law does not reach it. This is a special tax, and relator is correct in the claim that if there be room for construction it should be construed most favorably to her. The courts construe such statutes strictly against the government. In re

Harbeck, 161 N. Y. 211, 55 N. E. 850; McDaniel v. Byrkett, 120 Ark. 295, 179 S. W. 491. But even so, were it not for the common-law notion of dower, there would hardly be room for the suggestion that our inheritance statute is open to construction. Dower, as known to the common law, was abolished in this state long prior to the enactment of the inheritance tax law. However, statutes were enacted making provisions in lieu of dower. The statutory benefits thus conferred are greater than dower gave. Like dower the right has its inception with marriage and consummation when the husband dies. Griswold v. McGee, 102 Minn. 114, 112 N. W. 1020, 113 N. W. 382, 12 Ann. Cas. 186. But it remains true that, dower being expressly abolished, the widow now takes what the statutes give.

The question then comes down to this: Are the statutes referred to embraced within the designation "the intestate laws of this state?" For the inheritance tax law (G. S. 1913, § 2271), imposes a tax "when the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state." We have no laws in terms designated "intestate laws," but we do have statutes relating to the disposition of the property of intestates, namely, sections 7237, 7238 and 7243, G. S. 1913. The first two cover real estate and the last personal property. In those three sections are found the rights of both widow and heirs in the undisposed property of a decedent, and nowhere else. Hence there can be no doubt that these sections are the ones referred to in the inheritance tax laws as "the intestate laws of this state," just as plainly as if they had been specified by their appropriate numbers. The word "transfer," in the connection used, can have no restricted technical meaning. The inheritance tax laws of some states employ the expression "property passing by will or by intestate laws," or "inheritance" laws. The meaning is the same and refers to the change in possession and ownership of property when the owner dies. It may also be worthy of note that we must assume an intention on the part of the legislature to treat all fairly and impose the burden of the tax as equally as may be. The law exempts a stated amount to the widow. This in itself indicates an intention to tax the balance. If this exemption is to obtain only when she takes under the will of her husband it leads to what, in many instances, results in un-

just and unequal burdens. Frequently wills give to the surviving spouse either somewhat more or somewhat less than the statutory amount, and again for the sake of avoiding the cumbersome manner of caring for the property left behind, where there are minor children, a husband often makes a will leaving all to the wife, well knowing that she will manage and conserve the estate for the best interest of the children. To say that in such cases the tax was designed to be imposed, and not where such wills are renounced by the widow, or where there is no will, leads to an unjust and inequitable imposition of the tax.

Some courts have attempted to overcome this objection by holding that the dower, or the widow's statutory provision in lieu thereof, should be deducted in case of testate estates and the tax imposed only on the balance, if any. Sanford's Estate, 91 Neb. 752, 137 N. W. 864, 45 L.R.A. (N.S.) 236. Others, although of the same view, that (in case of intestacy) the inheritance tax does not reach the dower interest, or the interest given in lieu of dower, refuse to make any deduction when the widow takes under her husband's will. Riemann's Estate, 42 Misc. 648, 87 N. Y. Supp. 731; Barbey's Estate, 114 N. Y. Supp. 725. We think a fair operation of the law requires the tax to be imposed on all the property designed to be awarded the widow by the final decree of distribution in the probate court, less the amount which the inheritance law itself exempts.

Counsel for relator earnestly contends that the statutory provision for the surviving spouse of one-third of the decedent's estate is not transferred or passed by the intestate laws, but is a right acquired by the marriage relation, vesting in possession and complete title when the relation is broken by death. It is asserted that such title is not taken by inheritance as heir or by succession. It must be conceded that the decided weight of authority is with relator. Strahan's Estate, 93 Neb. 828, 142 N. W. 678; Weiler's Estate, 122 N. Y. Supp. 608; Starbuck's Estate, 137 App. Div. 866, 122 N. Y. Supp. 584; Commonwealth's Appeal, 34 Pa. St. 204; Kohny v. Dunbar, 21 Idaho, 258, 121 Pac. 544, 39 L.R.A.(N.S.) 1107, Ann. Cas. 1913D, 492; Bullen's Estate, 47 Utah, 96, 151 Pac. 533, L.R.A. 1916C, 670; Crenshaw v. Moore, 124 Tenn. 528, 137 S. W. 924, 34 L.R.A.(N.S.) 1161, Ann. Cas. 1913A, 165; McDaniel v. Byrkett, 120 Ark. 295, 179 S. W. 491. As forceful a statement of this

position as may be found in any of the decisions cited is the following, by Mr. Justice Barnes, in Strahan's Estate, 93 Neb. 828 (832, 833):

"It has been held by the great weight of authority that dower is not immune because it is dower, but because it, like the right to the homestead, and to the distributive share of the widow of the estate of her deceased husband, belonged to her inchoately during his life, and vested fully in her at his death. The widow's share of the estate of her deceased husband, by the present inheritance law, is given in lieu of dower, and it follows that the interest of the appellant in her deceased husband's estate both real and personal, comes within the test of immunity. Under the present statute the wife takes her interest in the estate of her deceased husband by operation of law. She cannot be deprived of that interest by his will. It is something which belongs to her absolutely and independently of any right of inheritance or succession. * * * The share of the realty and personalty, which under our law go to the widow independent of any will or act of the husband, is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime."

The only authority supporting the state's right to impose this tax upon the widow's statutory one-third, under laws similar to our own, is Billings v. People, 189 Ill. 472, 59 N. E. 798, 59 L.R.A. 807, and adhered to in People v. Forsyth, supra. The cases from California seem to rest upon a peculiar interpretation of their statutes in respect to community property of husband and wife, holding that the wife "takes such property solely by succession as an heir of the husband." Kennedy's Estate, 157 Cal. 517 (526), 108 Pac. 280, 29 L.R.A.(N.S.) 428. Notwithstanding this preponderance of authority in favor of relator, we reach the conclusion that the view taken in Billings v. People, 189 Ill. 472 (480), is the proper construction to place upon the inheritance tax law with reference to dower, or to the interest given by our statutes in lieu thereof. There, as here, the widow renounced the provisions made for her by the will, and the ingenious argument, in opposition to the right to impose the inheritance tax, was made that had she taken under the will she would have taken as a purchaser and not as a dev-

isee or legatee; that the provision in the will was a mere offer by the testator to purchase, for the benefit of the estate, her legal share therein, which he was powerless to eliminate, and had she accepted she would have stood in the position of a purchaser not liable to a tax, hence, it was said, she should be in no worse position when she took that share by renouncing the provisions of the will. However, the court, while recognizing the rule that a widow, by accepting the provision of her husband's will, may be treated under certain circumstances in equity as a purchaser having exchanged her dower right, holds it inapplicable against the state, where the question is not only one of power of the state to tax her succession, but of the interpretation of a statute designed to exercise such power and make the tax uniform in operation. Then, after speaking of the comprehensive features of the law, the court proceeds: "It will be noticed that neither dower, nor any provision made in lieu of dower, is exempted, but that the wife is entitled to an exemption of $20,000 * * * If appellants' contention were sustained, it would seem that there would have been no necessity of an exemption in the statute for the wife, for whether she accepts the provision made for her in the will or renounces it, or whether there is a will or not, her interests, according to appellants' argument, are exempt, for the reason that if she accepts she takes by purchase and not by will, and if she renounces, or in case there is no will, she takes in her own right at common law, as widow, and not under the intestate laws of the state." The court says the argument proves too much, leading to the conclusion that the widow cannot be taxed at all, a proposition which is unhesitatingly rejected.

We are clear that the legislature never intended to impose a tax upon the allowance for the widow and family of a decedent pending a settlement of the estate, nor upon the limited articles of personal property she is permitted to select from the estate, for no part thereof is property subject for distribution; it, in fact, is entirely withdrawn and excluded from the assets of the estate, as hereinbefore stated. We are equally clear that the legislature did not intend to omit the statutory interest of the surviving spouse of an intestate from the tax. This interest, in many instances, amounts to large fortunes, and it is not believable that these were meant to escape the burdens laid upon others who receive

part of the estates of intestate decedents, or upon the widows and others who take by will. The only question is, giving the law as it reads a reasonably strict construction in favor of those claiming immunity from this special tax, does it impose a tax upon that part of the estate of a deceased husband which is provided for the wife by section 7238, and subdivision 6 of section 7243? We think it does; because those sections, in respect to the property here involved, constitute our intestate laws or laws of descent prescribing the right of the wife in her husband's estate upon his death. A change with respect to her relation to the property then takes place, it may not be strictly a succession by her or devolution upon her; but in virtue of the statutes referred to she comes into full possession and ownership of the property.

It is true, a husband cannot dispose of the one-third of the personal property of which he dies possessed by will, nor can he by will or deed dispose of the one-third of the real estate of which, at any time during coverture, he stood seized; but this is a right given by statute and may be extended, abridged, or abolished at the will of the legislature; so may the right of children to inherit, and their shares of inheritance; also the right of a person to dispose of property by will. All these statutory rights are with the legislature. When these rights come into enjoyment under existing statutes the legislature may affix a tax upon the recipients. The inheritance tax law was no doubt designed to impose such a tax upon all, including a widow, except as to the specified exemption.

Counsel for relator in his argument stated a concrete case to prove that a widow's statutory right in her husband's real estate does not, in case of his death, come to her by any intestate laws, namely: If during coverture he conveyed any part of his estate, without her joining, and she survived him, such real estate so conveyed would not constitute a part of his estate, yet his widow could recover her share therein the same as if he had not conveyed and it had constituted a part of his estate. The writer hereof admits the argument, based upon the supposed case, to be almost unanswerable in favor of relator's contention, from a logical standpoint. From a practical view the answer is, that the legislature intended to impose the tax only upon the property derived from the estate of which the person dies seized or possessed; that

is, only upon property which is usually distributed by the final decree of the probate court, and upon such property as would have been thus distributed but for transfers made in contemplation of death and with the view to avoid the tax. It may also be observed that the relator cannot well make the same argument by supposing a case involving personal property. And here again it is not to be presumed that the legislative intention was to discriminate between personal and real property in the imposition of this tax.

We have not referred to the alleged interpretation given the law, since its enactment, by the authorities charged with the duty of enforcing the tax, for, aside from other considerations, we think the record presents nothing from which the court should take cognizance of such interpretation.

The cause is remanded with direction to modify the order so as to conform with the views herein expressed.