### FULLBRIGHT, tax-commissioner, *et al. v.* BOARDMAN, administrator, *et al.*

The act of 1919 (Acts 1919, p. 58), amending the act of 1913 (Acts 1913, p. 91), imposing an inheritance tax upon all property within the jurisdiction of this State, real and personal, which shall pass on the death of the decedent by will or by the laws of descent and distribution, or by deed, grant, or gift, does not extend to the property set apart to the widow as a statutory year's support.

No. 4260. OCTOBER 17, 1924.

Question certified by Court of Appeals (Case No. 14912).

*H. J. Fullbright* and *I. S. Peebles Jr.,* for plaintiffs in error.

*Alexander & Lee,* contra.

HILL, J. The Court of Appeals desires instructions from the Supreme Court upon the following question, an answer to which is necessary to a decision in this case: "In determining the value of the estate of a decedent, for the purpose of inheritance taxation under the act of the General Assembly of August 19, 1913, as amended by the act of August 19, 1919 (Ga. L. 1913, p. 91; Ga. L. 1919, p. 58), is it proper to take from the gross value of the estate the amount of an allowance theretofore duly and regularly set apart by the court of ordinary as a year's support to the decedent's widow? In other words, barring the question of an exemption to the widow under the act of 1919, is property, which would otherwise have been liable for an inheritance tax, subject to an assessment therefor after it has been lawfully set apart to her as a year's support?" The answer to the foregoing question depends upon a proper construction of the act of 1919 amending the act of 1913, supra. The question, put in another form, is whether or

not a year's support set apart to a widow out of her deceased husband's estate, under the laws of Georgia, is subject to the payment of the inheritance tax provided by the act of 1919. Section 1 of that act provides: "All property within the jurisdiction of this State, real and personal, and every estate and interest therein belonging to the inhabitants of the State, and all real estate, as well as tangible personal property within the State or any interest therein, belonging to persons who are not inhabitants of the commonwealth, which shall pass on the death of the decedent by will or 'by the laws regulating descents and distributions, or by deed, grant, or gift, except in cases of a bona fide purchase for a full consideration, made, or intended to take effect in possession or enjoyment, after the death of the grantor or donor, to any person or persons, bodies politic or corporation, in trust or otherwise, shall be subject to taxes, and shall pay the following tax to this State." Subsection 3(b) of this same act provides: "The following exemptions from the tax are hereby allowed: . . property of the market value of $5,000 transferred or passing to the widow, widower, child, son-in-law, daughter-in-law, or an adopted child of the decedent, shall be exempt. Property of the market value of $2,000 transferred to any other person described in subsection (a) of paragraph 1 shall be exempt."

It will be observed from reading the act that all property within the jurisdiction of this State, which shall pass on the death of the the decedent by will or by the laws regulating descents and distribution, etc., shall be subject to the inheritance tax. The question therefore arises, does a year's support, set aside to a widow, descend by will or by the laws regulating descents and distribution, etc? We are of the opinion, under the question propounded by the Court of Appeals, that it does not. The Civil Code (1910), § 4041, provides: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family." Section 4000 provides: "In the payment of the debts of a decedent, they shall rank in priority in the following order: 1. Year's support for the family. 2. Funeral expenses. . . 3. The necessary expenses of administration. 4. Unpaid taxes or other debts due the State or United States." And then follows debts due executors, judgments, mortgages, and other liens, rents, liquidated

demands, and open accounts. In *Livingston* v. *Langley,* 79 *Ga.* 169 (3 S. E. 909), this court held: "Where a man dies indebted to the sureties on his bond to the State as tax-collector, for money which they have paid on a fi. fa. issued by the comptroller-general against him as principal and them as sureties, for taxes collected by him and not paid into the treasury, and where his assets consist in part of an amount to his credit on the books of the county for his commissions on the county taxes, but resulting, perhaps, from money derived from State taxes which he paid into the county treasury when he ought to have paid the same into the State treasury, his widow is entitled to have this balance due from the county applied to her year's support, and to have it set apart for that purpose, to the exclusion of her husband's creditors, including said sureties on his official bond." It thus appears that under our law a year's support ranks *first* in priority among debts of a decedent. The only exceptions to the above rule are specified in sections of the Civil Code of 1910, 4048, 4049, 4050, where the twelve-months support is made inferior to purchase-money, rent, supplies, etc.

The question involved in this case has never been decided by this court, but has been passed upon in a number of outside jurisdictions, and the weight of authority is against holding that a twelve-months support or dower is subject to inheritance tax. In the case of *Crenshaw* v. *Moore,* 124 Tenn. 528 (34 L. R. A. (N. S.) 1161, 137 S. W. 924, Ann. Cas. 1913A, 165), it was held: "A statute imposing a tax on all estates passing from any person who may die seized thereof, either by will or under the intestate laws of the State, does not extend to the statutory year's support of the widow, or to her dower interest in the property." In delivering the opinion of the court in that case Lansden, J., said: "It is a special tax, and the rule is that laws imposing such taxes are to be construed strictly against the government, and favorably to the taxpayer. *English* v. *Crenshaw,* 120 Tenn. 531 (127 Am. St. R. 1025, 110 S. W. 210, 17 L. R. A. (N. S.) 753). The widow's year's support is given her by statutory provision. . . It is inconceivable that the legislature intended to levy the tax in question upon this bounty of the widow, given her by the law out of her husband's personal estate. She does not succeed to the husband's title to the property set apart to her as a year's support, but acquires it adversely to his administrator by virtue of the statute. By the act of separation of

the personalty assigned to her by the commissioners, and the subsequent confirmation of their report by the court, the title to the specific property thus set apart becomes absolutely vested in the widow.   The obvious intention of the legislature in passing this statute was to provide a temporary support for her and her family immediately on the death of her husband.   It is an extension by law of her right of support out of the personal estate of her husband for one year after his death, and is founded in a sound public policy, which has for its purpose a conservation of the family upon the death of the husband.   The widow does not succeed to the right of the husband, nor does she take the property under the intestate laws of this State.   It is a special provision made for her in the law for the support of herself and her family.   Bayless *v.* Bayless, 4 Coldw. 363; Louisville, N. O., & T. R. Co. *v.* Kennedy, 90 Tenn. 185, 16 S. W. 113."   In 26 R. C. L., 222, § 191, it is said:   "The statutory homestead right and allowance of support to the widow of the deceased are not subject to the inheritance tax in its common form, since such payments are made, not by virtue of the will or of the laws regulating intestate succession, but by order of the court, diverting it from the purposes for which it was appropriated by the will or the intestate laws, and it can make no difference that the widow is the sole beneficiary under the will."

In re John F. Kennedy, 157 Cal. 517 (108 Pac. 280, 29 L. R. A. (N. S.) 428), it was said:   "The statutory homestead and allowance set apart by the court to the family of a decedent, pending administration of his estate, are not within the provisions of a statute providing for a succession tax on property which shall pass by will or by the intestate laws of the State, and it is immaterial that, had the property not been so set apart, it would have passed to the widow under the will."   In State of Minn. *v.* Probate Court (June, 1917), 137 Minn. 238 (163 N. W. 285, L. R. A. 1917F, 436), it was held:   "Neither upon the allowance made for the support of the widow and her family out of her deceased husband's estate, pending the administration thereof, nor upon the personal property which she, as widow, is entitled by law to select out of the estate, may the State inheritance tax be imposed."   In rendering the decision in the last-cited case it was said:   "No court, so far as we are aware, save the Supreme Court of Illinois (112 N. E. 378), has held the allowance to the widow and family of the

deceased, pending administration, or the articles she is entitled to select out of the estate, subject to an inheritance tax." Citing In re Page, 39 Misc. 220 (79 N. Y. Supp. 382) ; In re Kennedy, 157 Cal. 517 (108 Pac. 280, 29 L. R. A. (N. S.) 428); Smith's Estate, 161 Wis. 588 (155 N. W. 109); Crenshaw *v.* Moore, 124 Tenn. 528 (137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165) ; Re Blackburn, 51 Mont. 234 (152 Pac. 31). In re Estate of Newell Bullen, 47 Utah, 96 (151 Pac. 533, L. R. A. 1916C, 670), it was held : A statute imposing a tax on all property passing by a will, or the statute of inheritance, does not apply to the interest passing to a widow under the statute giving her one third of the real property which her husband possessed during marriage. The sum which the widow takes from her husband's estate, under certain conditions, in addition to her dower right, is subject to the tax. In the decision it was said, in brief: It is contended that all property which shall pass by will or by the statutes of inheritance includes the widow's one-third interest. Her interest did not pass by will. The question here is, did it pass by the statute of inheritance? What the wife receives—one third in fee simple of the real estate held during coverture—she receives not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she can not be deprived by will or by any other voluntary act of her husband without her consent. The interest does not pass by the intestate laws. The intestate laws comprise that body of the statutes which provide and prescribe the devolution of estates of persons who die without disposing of their estates by last will and testament. So here, while under our statute the wife does not take as a survivor of community property, she nevertheless takes her one third of the real estate just as absolute and as much in her own right as does the wife take her half in community property. Succession, as defined by the statute, is the coming in of another to take the property of one who dies without disposing of it by will. With that conclusion, it follows that the interest which the wife takes under section 2826 is not subject to the inheritance tax.

Opposed to the decisions in the above-stated cases there are two contrary rulings; one by the Supreme Court of Illinois (Billings *v.* People, 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807) ; the other in North Carolina (Cor. Com. *v.* Dunn, 174 N. C. 679, 94 S. E.

481, L. R. A. 1918F, 498, Ann. Cas. 1918D, 1086), where the Supreme Court of North Carolina held, two of the Judges dissenting, that dower and the widow's yearly statutory allowance are within a statute imposing an inheritance tax on property "which shall pass by will or by the intestate laws of this State," etc. In the dissenting opinion written by Walker, Judge, in the North Carolina case, he said: "It is unquestionably true that the State has the power to tax all kinds of property and estates therein, because one kind receives as much protection from it as another, and it is just, therefore, that this power should exist, to be exercised when it is expedient to do so, or the interests of the State may require that it should be done. But this is not the question here, but quite another, which is, has the State exercised its sovereign power to tax with respect to dower? I contend that it has not, and did not intend to do so, for, if it did, the language we find in the statute would not have been employed, but something very different. . . A statute should be interpreted according to its language. We can not go beyond its four corners for aid in its construction. The intent must be found in its words. Nor can we substitute our opinion of what is right or just for the declared or expressed intention of the legislature, but must presume, absolutely and conclusively, that what was meant is what was said. This is the cardinal rule, and has never been departed from. It may be that a widow's dower should be taxed, but she has a perfect right to shield herself from a burden which has not been imposed, by insisting upon the application of the simple and familiar rule we have stated. . . If we need any authority to back our conclusion, we have it most abundantly. The courts of this country are quite unanimous in holding that, under similar statutes, the dower is not taxable, as an inheritance, or 'under laws of intestacy.' The Illinois cases are the solitary exceptions, and have been severely criticised as giving the wrong rule in such cases; and while paying due deference to the court, they are said to be illogical, being wrong in their premises, reasoning, and conclusion."

We are of the opinion that the Georgia statute of 1919, supra, which imposes an inheritance tax upon all property within the jurisdiction of this State, real and personal, which shall pass on the death of the decedent by will or by the laws regulating descent and distributions, or by deed, grant, or gift, does not extend to

the property set apart to the widow as a statutory year's support.

<em>All the Justices concur.</em>