## In re YOUNG'S ESTATE*
### LOUCKS Inheritance Tax Com'r v. YOUNG et al.
(No. 1295; September 22, 1925; 239 Pac. 286.)

INHERITANCE TAX—DEDUCTION OF FEDERAL ESTATE TAX—DEDUCTION OF FAMILY ALLOWANCE IN COMPUTING INHERITANCE TAX.

1. Sess. Laws 1921, c. 126, § 2, as amended by Sess. Laws 1923, c. 80, § 2, imposing tax on estates passing to beneficiaries, is not intended as a tax on estates as a whole, or on right to transfer, but on amount of property received by respective beneficiaries.

2. Federal estate tax is a proper deduction in computing amount on which state tax is to be computed; such sum not being received by beneficiaries.

3. Family allowance, paid during administration, is a proper deduction from amount on which state inheritance tax is to be computed, since under Comp. St. 1920, §§ 6876-6878, it does not pass to widow by will or intestate laws, but is allowed as a matter of public policy.

*See Headnotes (1) 37 Cyc. p. 1553; (2) 37 Cyc. p. 1582 (Anno) (3) 37 Cyc. p. 1581.

ERROR to District Court, Sweetwater County; VOLNEY J. TIDBALL, Judge.

Proceedings in the matter of the estate of Albert Edward Young, deceased, wherein the court allowed deductions in favor of Carrie Pickering Young and Robert D. Murphy,

as executors for amounts paid by them as Federal Estate Tax, and as family allowance during administration, in computing the amount of Inheritance Tax. Harry A. Loucks, as Inheritance Tax Commissioner, brings error.

*David J. Howell,* Attorney General and *Ray E. Lee,* Asst. Attorney General for plaintiff in error.

The family allowance can be paid only by order of court; it is not exempt from Inheritance Tax; People v. Forsyth, (Ill.) 112 N. E. 378; in view of the liberal exemptions allowed to the family by the Inheritance Tax Law, the courts should not allow additional deductions; there is a conflict of authority as to deductions of Federal Estate Tax. The following cases hold that such tax should not be deducted in computing Inheritance Tax; Hazard v. Bliss, 113 Atl. 469; Sanford's Est. (Ia.) 175 N. W. 506; Matter of Bierstadt, 166 N. Y. Suppl. 168; Matter of Sherman, 222 N. Y. 540; Carnegie's Estate, 191 N. Y. Suppl. 753; Canda's Est. 185 N. Y. Suppl. 903; Est. of Weeks (Wis.) 172 N. W. 732; In re Sherwood, 211 Pac. 734; In re Fish, 189 N. W. 177; In re Wittmann, 182 N. Y. Suppl. 535; In re Sheens (La.) 88 So. 253; People v. Palmer (Colo.) 139 Pac. 545; People v. Ballans (Ill.) 128 N. W. 542; In re Watkinson, 217 Pac. 1073; In re Nesbitt, 198 N. Y. Suppl. 451; In re Gihon, 63 N. E. 561; In re Vanderbilt, 64 N. E. 782; Smith v. Browning, 122 N. E. 217; U. S. v. Perkins, 163 U. S. 625; Federal Estate tax is not a debt against the estate nor an expense of administration and should not be deducted; In re Sanford's Est. supra; New York Trust Co. v. Eisner, 256 U. S. 345.

*W. A. Muir* for defendant.

An allowance for the family is provided for by statute; 6876-78 C. S.; it is fixed by the court and does not pass by intestate succession; Blackburn v. State (Mont.) 152 Pac. 31; Grenshaw v. Moore (Tenn.) 137 S. W. 924; Smith v. State (Wis.) 155 N. W. 109; In re Kennedy's Estate (Calif.) 108 Pac. 280; cases cited by plaintiff in error are governed by statutes differing from ours. While there is a conflict of authority as to deductions of Federal Estate

Tax, the better reasoning in the interpretation of statutes such as ours, imposing a tax on property passing only, is that the Federal Tax should be deducted; People v. Passfield (Ill.) 120 N. E. 286; People v. Co. (Ill.) 124 N. E. 662; the Federal Tax is a charge against the estate, and not against the legatees or devisees; U. S. C. S. Sec. 1916, page 2061, Vol. 2; it is therefore a proper deduction; State v. Bank (Ind.) 125 N. E. 200; In re: Miller's Est. (Cal.) 195 Pac. 413; People v. Bemis (Colo.) 189 Pac. 32; People v. Griffin (Ill.) 92 N. E. 313; In re: Watkinson (Calif.) 217 Pac. 1073, construed an Act in that State passed in 1917, afterwards amended. The cases of Smith v. Browning (N. Y.) 122 N. E. 217 and U. S. v. Perkins, 163 U. S. 625 cited by plaintiff in error, are clearly not in point.

*William E. Mullen* Amicus Curia.

The tax is imposed upon property passing by will, intestate succession or conveyances made in contemplation of death; no property can pass until debts and expenses of administration have been paid; 7002 C. S.; a family allowance is preferred over all claims, except funeral charges and expense of administration. Administration is necessary for the protection of all persons interested, including the state; an allowance for the support of the family pending administration is based on sound public policy; People v. Forsyth, 273 Ill. 141; involved a widow's award, something different from a family allowance; in the case of: In re: Miller's Est. (Cal.) 195 Pac. 413; certain deductions were allowed, but the effect of this decision was changed by a subsequent Act of the California Legislature in 1917 afterward construed in Watkinson's Est. 217 Pac. 1073; and in view of amendments made in the law considered in re: Steehler's Est. 233 Pac. 972; it was held that family allowance and Federal Tax should both be deducted before computing Inheritance Tax; the same rule is followed in Washington in re: Ferrel's Estate, 192 Pac. 10; in re: Weller's Est. (Wash.) 194 Pac. 541; and also in Oregon in re:

Inman's Est. (Ore.) 199 Pac. 615; counsel for defendant in error cited other cases supporting the rule; some conflict may be found in the cases on the subject of deducting Federal Estate Tax before computing State Inheritance Tax; the recent case of Jones v. Bowman, 234 Pac. 953; contains a comprehensive review of all of the decisions on the subject and concludes by holding that a statute, such as ours, imposing Inheritance Tax upon distributive shares passing to beneficiaries, intends that all payments operating to reduce the amount of the Inheritance, should be deducted before computing Inheritance Tax; see also People v. Bemis, 189 Pac. 32; State v. Bank (Ind.) 125 N. E. 200; People v. Trust Co. (Ill.) 124 N. E. 662; Williams v. State, 125 Atl. 661; where the state law forbids the deduction of Federal Estate Tax no deduction can be made; Frick v. Penn. (U. S.) 69 L. ed. 692; the family allowance does not pass by intestate succession; it varies in amount according to the circumstances of parties to the case.

BLUME, Justice.

Albert Edward Young died in Sweetwater county, Wyoming, on May 15, 1923. He left a will dated June 1, 1921. By the terms of his will, after paying debts and funeral expenses, the sum of $5,000 is left to William Lee Young, a nephew; the sum of $10,000 is left in trust, the income thereof to be paid to the brother and sisters of the deceased, share and share alike, and to the survivor or survivors of them during their lives, and upon the death of the last survivor, said principal sum of $10,000 to revert to the estate of the deceased. The remainder of the estate is devised to the widow of the deceased.

Inheritance taxes, payable to this state, seem to have been duly computed and paid on the legacy left to William Lee Young and on the $10,000 above mentioned, left in trust, and no question in regard to the taxes on these sums is before us. But the trial court held in its order of June 26, 1924, that the sum of $661.60, paid as Federal Estate Taxes,

and the sum of $3600, paid as a family allowance during the administration of the said estate to the widow of said deceased, should be considered as part of the expenses of the estate and should be deducted from the remainder of the estate in computing the amount to be paid as inheritance taxes in this state on such remainder. From this order the Inheritance Tax Commissioner of this state has appealed, and the only question before us is as to whether or not the two items aforesaid were proper deductions.

It is no doubt true that the state has the power to impose a succession tax and to fix the rate of tax for the privilege of succeeding to the property, and also to prescribe the measure by which the amount of the tax shall be ascertained. The legislature might impose the tax either upon the right to transmit the estate of the deceased or upon the beneficiaries, based upon the amount they receive. The inheritance tax laws of this state in force at the time of the death of Albert Edward Young are contained in chapter 126, Session Laws of Wyoming 1921, as amended by chapter 80, Session Laws of 1923. Section 2 of chapter 80 aforesaid provides, so far as is material here, as follows: ''All property within the jurisdiction of the state of Wyoming * * * which shall pass by will or by laws regulating intestate succession * * * shall be subject, as to the estate passing to each of the following beneficiaries, to a tax at the percentage rates fixed by the following table.'' Then follow the rates at which various heirs shall be taxed, together with the exemptions allowed them. Thus in the case of husband and wife an exemption of $10,000 is allowed and the rate of taxation is 8 per cent. In the case of a nephew, an exemption of $1,000 is allowed and the rate of taxation is 10 per cent. The provisions aforesaid seem to clearly indicate that a tax is to be paid, not upon the estate as a whole or upon the right to transmit the estate of the decedent, but upon the amount of property which passes to the respective beneficiaries; in other words, the share received by an heir, distributee, legatee, or devisee is,

in the final analysis, the unit by which to determine the amount of the inheritance tax. This intention is also clearly manifested in other provisions of the law. Thus in section 7 of said chapter 126, an administrator or executor who has any property in charge for distribution, must pay the tax on any devise, bequest or legacy. Section 8 of the same chapter provides that the tax imposed upon "inheritances, devises, bequests or legacies" shall be paid to the Inheritance Tax Commissioner. Section 12 of the same chapter provides: "If any bequest or legacy shall be charged upon or payable out of any property, the heir or devisee shall deduct such tax therefrom and pay such tax to the administrator, executor or trustee." Section 17 of the same chapter provides that if any bequest or devise of property is made to executors or trustees, in lieu of compensation for their services, and the value of such bequest or devise exceeds their reasonable compensation for such services, then an inheritance tax shall be imposed upon such excess. Section 19 of the same chapter provides that the court shall, as soon as practicable after the granting of any letters of administration, proceed to ascertain and determine the value of "every inheritance, devise, bequest or legacy embraced in or payable out of the estate in which such letters are granted and the tax due thereon." Section 22 of the same chapter states that every executor, administrator or trustee, must, within a certain time after the property of an estate has been appraised, "make and file with the said Inheritance Tax Commissioner a schedule, list, or statement of the amount of such legacy or distributive share, together with the amount of tax which has accrued or will accrue thereon, * * * which schedule, list, or statement shall contain the name of each and every person entitled to any beneficiary interest therein, together with the clear value of such interest, as found and determined by the court."

It is clear that the provisions of sections 19 and 22 above mentioned would be wholly useless unless it was the inten-

tion of the legislature to tax only the property to be actually received by the beneficiaries, and we find nothing in the law implying that such beneficiareis must pay a tax on property to which they do not succeed.

The Federal Estate Tax must be paid out of the property of a decedent and no distribution of the estate can properly be made until such payment is made. A distributee of such estate receives no part of the amount necessary to be paid as such tax and hence this item is properly deducted in computing the inheritance taxes to be paid to this state. There seems to be, it is true, a conflict of authorities on this point. Most of the decisions on the subject are referred to in the case of Jones v. Bowman, (Kan.) 234 Pac. 953, where it is well said that the difference of views arises generally from differences in the statutes imposing the tax, some of the cases being based upon the theory that the tax is levied on the right to transfer, instead of the right to receive.

The only other question, accordingly, left for our determination is as to whether or not the item of $3600, paid as a family allowance, was properly deducted in fixing the amount of the tax herein. Under section 6876, Wyo. C. S. 1920, a widow "or minor children are also entitled to a reasonable provision for their support, to be allowed by the court, a judge or commissioner thereof." Section 6877 provides: "If the amount set apart be insufficient for the support of the widow or children or either, the court or a judge thereof must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to the circumstances, during the progress of the settlement of the estate." Section 6878 provides, among other things: "Any allowance made in accordance with the provisions of this chapter, must be paid in preference to all other charges, except funeral charges and expenses of administration."

The question now before us was discussed in an able opinion by the Supreme Court of California in re Kennedy's

Estate, 157 Cal. 517, 108 Pac. 280, 29 L. R. A. N. S. 428. The laws in California in reference to a widow's allowance are substantially the same as in this state, and the inheritance tax laws in the two states are similar. The court, in the foregoing case, came to the conclusion that the widow, in receiving the family allowance, as above mentioned, does not take either by will or by the intestate laws of the state, and that it is immaterial that the amount thereof would have passed to the widow under the will if it had not been paid as such family allowance during the course of the administration of the estate. We concur in the conclusions reached by that court. The right to such allowance is based upon public policy and is bestowed by the beneficence of the law for the benefit of the widow and the family. The sum allowed is a preferred claim, and is deductable from the estate which is finally distributed, as much so as funeral expenses, expenses of administration and debts against the estate. The amount thereof does not pass to the widow under the will, but under the law, and is not paid to her as a distributive share under the statutes providing for intestate succession, but under distinctive statutes, made for an altogether different purpose, and is paid before any distribution of the estate is contemplated to be made. The court in the case of Crenshaw v. Moore, 124 Tenn. 528, 34 L. R. A. NS. 1161, 137 S. W. 924, Ann. Cases 1913A 165, (approved also in Fullbright v. Boardman, 159 Ga. 162, 125 S. E. 44, 37 A. L. R. 532), said as follows:

"It is inconceivable that the legislature intended to levy the tax in question upon this bounty of the widow, given her by the law out of her husband's personal estate. She does not succeed to the husband's title to the property set apart to her as a year's support, but acquires it adversely to his administrator by virtue of the statute. By the act of separation of the personalty assigned to her by the commissioners, and the subsequent confirmation of their report by the court, the title to the specific property thus set apart

becomes absolutely vested in the widow. The obvious intention of the legislature in passing this statute was to provide a temporary support for her and her family immediately on the death of her husband. It is an extension by law of her right of support out of the personal estate of her husband for one year after his death, and is founded in a sound public policy, which has for its purpose a conservation of the family upon the death of the husband. The widow does not succeed to the right of the husband, nor does she take the property under the intestate laws of this state. It is a special provision made for her in the law for the support of herself and her family."

Most of the courts that have passed upon the same question have held that such an allowance is not subject to any succession or inheritance tax. The cases are collected in 37 A. L. R., p. 545, 547. The only cases holding to the contrary are State Ex Rel v. Dunn, 174 N. C. 679, L. R. A. 1918F, 498; 94 S. E. 481; People v. Forsythe, 273 Ill. 141, 112 N. E. 378; and Billings v. People, 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807. We shall not take the time or space to analyze these cases and shall content ourselves with saying that we are satisfied that the legislature did not intend to make the amount allowed for the support of the widow and the family subject to inheritance-taxation in this state.

The judgment of the district court must accordingly be, and the same is hereby affirmed.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.