**Mrs. Bertha S. BIRDSONG, Plaintiff,**

v.

**Dalmon DAVIS, District Director of Internal Revenue, and I. W. Spillers, Revenue Officer, Defendants.**

**Civ. A. No. 407.**

United States District Court
M. D. Georgia,
Athens Division.
June 11, 1959.

Eugene A. Epting, Athens, Ga., for plaintiff.

Floyd Buford, Asst. U. S. Atty., Macon, Ga., for defendants.

BOOTLE, District Judge.

The plaintiff is the widow of H. W. Birdsong, who died in October, 1944. Sometime subsequent to his death, the exact date not being disclosed by the pleadings, the Commissioner of Internal Revenue made a deficiency assessment against the estate of the decedent for income taxes for 1943 and for the period from January 1 to October 10, 1944.

On April 10, 1948, in the Court of Ordinary of Clarke County, Georgia, the county of decedent's residence, a year's support award was made to the plaintiff from the estate of her said deceased husband, the property so awarded being a house and lot in the City of Athens, Georgia.

Subsequently, on March 28, 1955, a decision was rendered in the Tax Court of the United States finding the plaintiff liable for income taxes due from the estate of her said deceased husband in the amounts of $5,275.45 and $3,087.49 plus statutory interest as transferee of the assets of the estate of said deceased. This finding was based upon a stipula-

tion made in the Tax Court and signed by plaintiff's former counsel.

In July of 1957 the defendants above named levied a distraint on certain shares of stock owned by the plaintiff and realized therefrom $1,360.33 and also issued a distraint on plaintiff's bank account and realized therefrom $684.95.

On January 21, 1959, the said defendant Dalmon Davis, Acting District Director of Internal Revenue, acting by and through the defendant I. W. Spillers, Revenue Officer, as agent for said Acting District Director of Internal Revenue, seized the residence property of plaintiff, namely, the house and lot set apart to her as a year's support as above set out, levying on such property under a transferee assessment against plaintiff as transferee of the estate of said deceased, said transferee assessment having been made sometime prior to June 30, 1955, based on the above mentioned primary assessment. The notice of seizure states the amount due as $13,008.99.

On January 29, 1959, petitioner filed in this court her petition to enjoin the sale of said house and lot under this levy and on said date a temporary restraining order was issued and a rule nisi directing the defendants to show cause on February 9, 1959, why the levy should not be enjoined. On February 6, 1959, the hearing was continued to February 23, 1959, and the restraining order was continued in force until that date. At the hearing held on February 23, 1959, the defendants filed a motion to dismiss the complaint and a motion to vacate and set aside the restraining order. On said date the motions were taken under advisement and an order was entered continuing the restraining order in force until further order of this court.

The said motions which have now been briefed by the parties present the following questions for decision:

1. Whether the United States District Court for the Middle District of Georgia has jurisdiction over this proceeding, it being shown that both defendants reside in the Northern District of Georgia;

2. Whether property duly and legally set apart to a widow as a year's support under and in accordance with the laws of Georgia out of the estate of her deceased husband is subject to levy and sale under a transferee assessment against her based on a primary assessment for income taxes owed by her husband and assessed against his estate after his death;

3. Whether this court is authorized, under the facts of this case, to enjoin the sale of this property.

The above questions will be discussed in the above order.

### First

This court has jurisdiction of this proceeding notwithstanding the fact that neither defendant resides in this district. Title 28 U.S.C.A. § 2463 provides as follows:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

Construing this statute the courts have repeatedly held that property seized under any Revenue Law of the United States is deemed to be in *custodia legis* and that such property is subject only to the orders and decrees of the United States District Court serving the geographical area in which the property is situate and that

"Once due process has been satisfied by notice to the interested parties and opportunity to be heard, the court may proceed summarily to adjudicate the rightfulness of seizure." Raffaele v. Granger, 3 Cir. 1952, 196 F.2d 620, 623; Gerth v. United States Director of Internal Revenue, D.C.S.D.Cal.1955, 132 F. Supp. 894, 896; Seattle Association of Credit Men v. United States, 9 Cir. 1957, 240 F.2d 906, 909.

#### Second

It appears from the pleadings without dispute that the property seized by the defendants is property properly set apart to the plaintiff as a year's support from the estate of her deceased husband. Under the laws of Georgia, 113 Ga.Code Ann. sec. 1001 only the balance of an estate after the payment of expenses of administration and the debts of the deceased shall stand subject to distribution among the heirs at law and it is provided in 113 Ga.Code Ann. sec. 1002 that

"Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided is the provision for the support of the family, to be ascertained as follows: * * *"

and under 113 Ga.Code Ann. sec. 1508 it is provided that

"Claims against the estate of a decedent shall rank in the following order:

"1. Year's support for the family.

"2. Funeral expenses to correspond with the circumstances of the deceased in life, including the physician's bill and expenses of the last sickness. If the estate is solvent, the administrator is authorized to provide a suitable protection for the grave of the deceased.

"3. The necessary expenses of administration.

"4. Unpaid taxes or other debts due the State or United States."

Then the above section continues with the listing of claims inferior to those above set out.

It is provided in 113 Ga.Code Ann. sec. 1006 as follows:

"The property so set apart by the appraisers shall vest in the widow and child, or children; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father."

Even prior state ad valorem taxes against the very property set apart as a year's support are inferior to the rights of the widow in that property. Olmstead v. Clark, 1935, 181 Ga. 478, 182 S.E. 513; Livingston v. Langley, 1886, 79 Ga. 169, 3 S.E. 909; Tomlinson v. City of Adel, 1930, 169. Ga. 758, 151 S.E. 482; Fullbright v. Boardman, 1924, 159 Ga. 162, 125 S.E. 44, 37 A.L.R. 532.

It seems clear that unless some Federal law dictates to the contrary the income taxes of the decedent assessed after his death and therefore not constituting a lien at the time of his death, 26 U.S.C.A. § 6321, and not involving the principle ruled in United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, that State law may not destroy a Federal tax lien which has attached in the taxpayer's lifetime, were not superior to the right of Mrs. Birdsong to a year's support from his estate and that the Commissioner of Internal Revenue cannot defeat this priority by making a transferee assessment against the recipient of a year's support. The question remains, however, whether the State or any Federal law controls with regard to transferee liabilities.

The authority for transferee assessments is Section 6901 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 6901. It reads in pertinent part as follows:

"The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

"(1) Income, estate, and gift taxes.—

"(A) Transferees.—The liability, at law or in equity, of a transferee of property—* * *."

But this is purely a procedural statute and neither it nor any other Federal statute defines substantive transferee lia-

bility, nor is there any Federal decisional law to which we may look. The question whether any "liability, at law or in equity" rests upon Mrs. Birdsong for her deceased husband's income taxes must be answered by the local state law. Commissioner of Internal Revenue v. Stern, 1958, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126; United States v. Truax, 5 Cir., 1955, 223 F.2d 229; Rowen v. Commissioner of Internal Revenue, 2 Cir., 1954, 215 F.2d 641. Certainly, neither the statutory nor case law of Georgia imposes such liability unless it could be said that the general law of Georgia imposes it and that the Georgia law with reference to a year's support should be construed as an exemption statute and, as so construed, should be held to be ineffective as against the Government's claim for taxes as in Kieferdorf v. Commissioner of Internal Revenue, 9 Cir., 1944, 142 F.2d 723. It is doubtful, however, that these year's support statutes should be construed solely as exemption statutes. They seem to be much more. As to year's support property the recipient, while probably a "transferee" within the broad sweep of the definition in Section 6901 of the Internal Revenue Code of 1954 (see Kieferdorf v. Commissioner of Internal Revenue, supra, and Rowen v. Commissioner of Internal Revenue, supra), is neither an heir, legatee, devisee nor distributee in the usual sense. Such recipient is the beneficiary of a peculiar statutory provision known as a year's support and stands in the position of a creditor of the estate having the primary claim against its assets even to the exclusion of the customary expenses of administration, costs of court in connection with the estate, funeral expenses and taxes due the State and the United States. The property constituting the year's support cannot be administered as a part of the estate. According to the dignity and priority accorded the year's support by the laws of Georgia, if the Director of Internal Revenue can subject this property to a transferee assessment it would seem that he could, with equal facility, subject the amount paid by the representative of the estate to the funeral director or to the Court of Ordinary for the costs in probating the will or in administering the estate.

But even if these Georgia statutes creating and controlling the year's support should properly be construed as exemption statutes and nothing more this court is inclined to the view that they would still be applicable to the Government in its effort to enforce against a transferee a "liability" which "liability" the Government must show to be based upon state law. While this precise question was not for decision in United States v. Truax, supra, Judge Tuttle, writing for the court, gave it careful consideration as follows:

"We do not pass on the Government's major premise that a state exemption statute does not apply to the Government under § 311, creating a procedure to enforce an undefined 'liability, at law or in equity'. It can be argued that in this particular case, where the liability to be enforced is incorporated by reference, so to speak, from state law, that a state exemption statute should apply, even though in the usual case of an express federal tax liability imposed *irrespective* of state law, state exemption statutes are inapplicable. See 55 Columbia L.Rev. 98, 100. We find it unnecessary to decide this point." [223 F.2d 233.]

The Columbia Law Review article cited in the Truax decision treats the question as follows:

"There remains the problem of whether state law should include state exemption statutes. It has been said that such statutes do not bind the federal government, since a state cannot prevent collection of a debt due the United States. But when the federal law has directed the courts to determine liability by state law, the 'debt due' is a creature of all relevant state law; the

state may more reasonably be viewed as not recognizing a liability than as creating a debt and then attempting to prevent its collection. There is no justification for applying only that part of a body of law which leads to a desired result and ignoring another, inconsistent part."

This court is of the opinion, therefore, that the house and lot regularly set apart to the plaintiff as a year's support out of the estate of her deceased husband is not subject to levy and sale under a transferee assessment against her based upon a primary assessment for income taxes assessed against his estate after his death.

### Third

If this court's views on Questions One and Two are correct, Question Three presents no difficulty. The circumstances of this case are such that the plaintiff has at law no remedy whatever. Even if financially able to pay the tax demanded without undue hardship, a question which need not be here decided, she could not pay the tax and then sue for its recovery. The judgment of the Tax Court is *res judicata*. Commissioner of Internal Revenue v. Sunnen, 1947, 333 U.S. 591, 68 S.Ct. 715, 92 L. Ed. 898; Tait v. Western Maryland R. Co., 1932, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405. This is true notwithstanding the Tax Court's judgment was based on a settlement between the parties. Continental Petroleum Co. v. United States, 10 Cir., 1936, 87 F.2d 91, certiorari denied 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883; Second Nat. Bank of Saginaw v. Woodworth, 6 Cir., 1933, 66 F.2d 170; American Woolen Co. v. United States, 1937, 18 F.Supp. 783, 85 Ct.Cl. 101, certiorari denied 304 U.S. 581, 58 S.Ct. 1055, 82 L.Ed. 1544. The rule applies not only to matters which were offered to sustain or defeat the claim or demand, "but as to any other admissible matter which might have been offered for that purpose". Commissioner of Internal Revenue v. Sunnen, supra [333 U.S. 591, 68 S.Ct. 719]. The plaintiff is not seeking here or later to contest the validity of the tax assessment as made (some of her properties have been sold without objection on her part), but she is contesting the right of defendants to levy on this particular year's support property. The Government has not suggested that there is any remedy available to her if she is not entitled to the injunction she seeks. The availability to her of injunctive relief under such circumstances is apparent from the following decisions: Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Shelton v. Gill, 4 Cir., 1953, 202 F.2d 503; Midwest Haulers v. Brady, 6 Cir., 1942, 128 F.2d 496; John M. Hirst & Co. v. Gentsch, 6 Cir., 1943, 133 F.2d 247. Notwithstanding the anti-injunction statute, Section 7421, Internal Revenue Code of 1954, 26 U.S.C.A. § 7421, the right to obtain an injunction against seizure and sale of the property of one not the taxpayer is well established. Raffaele v. Granger, supra.

Accordingly, the Government's motions to dismiss the complaint and to vacate and set aside the restraining order are hereby overruled and denied and for the reasons above indicated the defendants and their agents are hereby temporarily and until further order of this court restrained and enjoined from proceeding further to subject the property of plaintiff described in the petition and constituting the house and lot set aside to her as a year's support from the estate of her deceased husband to the claim of any taxes referred to in the complaint and from proceeding with any proposed sale thereof under the execution or assessment referred to in said complaint and from in any manner interfering with the possession of said property by plaintiff.